1835.

LE FORT
*v.*
DELAFIELD.

LE FORT and WIFE and BENTON, by guardian, *v.* DELAFIELD.

A widow who claims dower, and an account, and a share of a testator's estate, should not join the infant heir and devisee of the residue as a co-complainant. He should appear as a defendant.

Where a person, administrator, *cum test. ann.*, assumes to act as the trustee of the real estate under the will, those parties interested in the property may consider him, not only as a wrong doer in possession, but as a trustee, and charge him with neglect, have him removed, and a proper trustee appointed.

*April* 27,
1835.

*Pleadings.*
*Parties.*
*Trustees.*
*Adminis-*
*trator inter-*
*meddling*
*with the*
*real estate.*

THE bill in this case was filed against Rufus K. Delafield, who, it was charged, was wrongly intermeddling with the real and personal estate of Samuel Benton, deceased.

It showed that this Samuel Benton had died seised of a dwelling house and land in the city of New-York, and also possessed of considerable personal property. That he made his will, which was duly proved; that such will was in the hands of the defendant, Rufus K. Delafield. That, at the time of the death of the testator, he left the complainant, his widow, and Samuel Benton, the other complainant, his only son and heir him surviving. That Thomas Benton and Peter Mc Carty, Jr., who were named as executors in the will, had died without having qualified; and that Strong Sturges, now deceased, had obtained letters of administration, with the will annexed, of all and singular the goods, &c., of the testator, Samuel Benton, and, immediately thereafter, took into his possession and possessed himself of all the real and personal estate, and retained the same until his death. That after the death of the said Strong Sturges, administration, with the will annexed, of the goods, &c., of the said Samuel Benton, deceased, was granted to the defendant, Rufus K. Delafield, who, immediately thereafter, took into his possession and possessed himself of all and singular the estate, real and personal, of the said Samuel Benton, deceased, and received the rents and income, and got the title deeds into his possession, and all the books, notes, and evidences of debt; and had claimed to him-

self the right to manage the said real and personal estate. That from the death of the testator, Samuel Benton, to a time specified in the bill, the complainant, widow of the testator, received five hundred and fifty dollars from the estate, and no more ; that, since such time, she had received after the rate of three hundred dollars *per annum ;* and that the defendant, Rufus K. Delafield, refused to pay to her the moneys unpaid. That she had received no dower out of the real estate, although it had or ought to have produced four hundred dollars per annum. That, on account of the constant employment of the said Rufus K. Delafield, as assistant cashier of the Phœnix Bank, he was unable to attend faithfully to the estate, and had greatly neglected it ; and he had declared that he was so much engaged with his business at the bank, as not to be able to attend to this estate. The bill also showed that all debts due had been paid. And it was insisted that, as the said Thomas Benton and Peter McCarty, Jr., had died, the trusts of the will ought to be carried through by the aid of this court. Prayer for an account and a third of the rents, and for dower; and that a proper person might be appointed as a trustee. A copy of the will was annexed. In it, the testator gave to his wife all his household property, with a half of the income of his estate for life ; and to his son Samuel Benton, three hundred dollars a year for education and maintenance, and, also, all his real and personal estate, after the death of the wife.

The defendant put in a demurrer and answer. He demurred to so much as prayed that he should pay to Elizabeth Le Fort one third of the rents of the real estate as and for dower. Also as to the dower. Likewise to the application for a trustee.

The cause now came before the court on an argument of the demurrer.

Mr. *E. S. Van Winkle,* in support of it.

Mr. *Bogardus,* for the complainants.

THE VICE-CHANCELLOR :—The demurrer in this case is one demurrer to several parts of the bill, assigning distinct causes for it. If it be not well taken to all those parts of the

*Marginal:*

1835.

LE FORT
*v.*
DELAFIELD.

*Sept.* 7.

bill to which it applies, it must be overruled, although it should appear to be well taken, as to any one part; for, a demurrer cannot be good in part and bad in part : Lube, 337.

To all that part of the bill, which prays that the complainant, Elizabeth Le Fort, may be paid one third of the rents of the real estate, as and for her dower, as widow of the testator, Samuel Benton, deceased, and that dower may be assigned her out of the real estate, I am inclined to think the demurrer might be considered as well taken, on the ground that the provision made for her by the will, which she appears by the bill to have accepted, is, according to the construction of the will and the manifest intent of the testator, a provision in lieu of dower. Besides, if she intends to claim both her annuity under the will and dower in the real estate, it is very clear that the position of the infant in this suit ought to be changed. Such a claim is adverse to his rights ; and, instead of being a co-complainant with her by his next friend, he should be made a defendant. Whether this misjoinder is a ground of demurrer, it is unnecessary now to determine. At any rate, upon a suggestion at any time during the progress of the cause, the court can direct an inquiry to ascertain whether the infant is in a proper position before the court to have his rights protected; and if he is not, then an order can be had to amend by placing him on the opposite side of the suit : *Bowen* v. *Idley,* 1 Edwards' Ch. Rep. 160.

With respect to the residue of the demurrer, I am of opinion that it is not well taken. It is to so much of the bill as seeks the appointment of some proper person as trustee, to carry the trusts of the will into effect, under the direction of this court; and the cause assigned for this part of the demurrer is, that a bill for such a purpose ought not to be filed against the defendant, because he has no interest whatever in the real estate, and no connection with or interest in the trusts contained in the will, being merely administrator with the will annexed. The will creates a trust, in relation to the charge, care and management of the real estate ; and two executors were appointed, who, at the same time, were declared to be trustees. It appears by the bill, that they both died without ever having taken upon themselves the burden of the execution of the will or of the trusts therein declared ; that one

Sturges then took out letters of administration with the will annexed and afterwards died; and that, thereupon, similar letters were granted to the present defendant, who, immediately thereafter, possessed himself of all the estate, both real and personal, of the testator and received the rents, income and profits of the same and got into his power and possession all the title deeds of the real estate, &c. and hath claimed to himself the right to manage and conduct the estate, real and personal, as to him might seem right.

Now, whether the defendant, being merely the administrator, in the place of the executors, could rightfully claim to be trustee of the real estate or not, yet, according to the allegations of the bill, he has assumed to act as such; and the complainants are at liberty to consider him in possession as their trustee, instead of regarding him as a mere wrongdoer or trespasser; and upon charges of neglecting his duty as trustee, such as are contained in the bill, they have a right to ask for his removal and the appointment of a proper trustee in his place. Even if he should be regarded as wrongfully in possession of the trust estate, I do not know why the complainants may not file a bill and make him a party defendant, for the purpose of having some person appointed to execute the trusts of the will, which, in the events that have occurred, it devolved upon this court to execute; and, at the same time, compel him to surrender the trust property and account for the moneys he may have received from it.

This part of the bill is not, therefore, demurrable; and the demurrer, not being well taken in this respect, must be overruled, with costs.