## COUNTY OF ADDISON,

### AT THE

## JANUARY TERM, 1872.

PRESENT :

Hon. ASAHEL PECK,
Hon. HOYT H. WHEELER,
Hon. TIMOTHY P. REDFIELD, } ASSISTANT JUDGES.
Hon. JONATHAN ROSS,

---

### HENRY R. HARRIS *v.* ROSWELL HARRIS, JR.

*Account. Jurisdiction. Probate Court. Guardian and Ward.*
*Gen. Stats., § 23, ch. 48.*

On the 12th day of April, 1866, the defendant was appointed guardian of the plaintiff, who was then a minor, by the probate court for the district of Addison. He accepted the trust and filed an inventory in the office of the Registsr of said probate court, showing assets of the plaintiff in his hands. On the 8th day of August, 1870, the plaintiff became of age, and on the 19th day of November, 1870, commenced this action of account against the defendant, to compel him to account for such assets of the plaintiff as were received by him as guardian. In December following, the defendant settled his account as such guardian with the probate court, upon notice to the plaintiff, who appeared only to protest against such settlement. *Held* that the county court have jurisdiction of the subject matter involved in the suit.

The plaintiff can compel an accounting in the county court, not only for the time which the defendant held the property as bailiff, but also for the entire time which he held the property, both as guardian and bailiff.

The word "alone," in section 23 of chapter 48 of the General Statutes, is used to confine the discharge of the duties therein named to that one of the probate courts appointing the guardian, and to exclude the interference of other probate courts.

There is no statute law since the decision of *Field et ux.* v. *Torrey*, 7 Vt., 372, which takes away the jurisdiction of the county court in such cases, and the doctrine of that case is approved.

*Probate Court* v. *Slason et al.*, 23 Vt., 306, explained and approved so far as the question at issue in the case is concerned.

ACTION OF ACCOUNT.   The question of defendant's liability to account was submitted to the court upon the following statement of facts :

On the 12th day of April, 1866, the plaintiff, then being a minor, made choice of the defendant as his guardian, and on the same day the latter was duly appointed such guardian by the probate court for the district of Addison.   The defendant accepted the appointment, and filed in said probate court a bond in the usual form in $2,000, with one Loren C. Mead as surety.   On the 20th day of May, 1866, said defendant, as such guardian, filed an inventory showing assets of the plaintiff in his hands, amounting to $2,187.   Subsequently, in the year 1868, said defendant, Harris, removed to the State of Michigan, where he has since resided.   On the 8th day of August, 1870, said ward attained his majority, and on the 19th day of November, 1870, commenced this suit.

On the 14th day of December, 1870, said guardian, upon due and personal notice to the ward aforesaid, settled his account as such guardian, before said probate court : upon which settlement the court last aforesaid found due said ward in the hands of said guardian the sum of $1,059.78.

Neither· this sum nor any part of it has ever been paid or tendered to said probate court or said ward.

At the settlement aforesaid, said ward did not appear, except to notify the probate court of the pendency of this suit, and to object to a settlement of said guardian's account by said court, and no appeal was taken therefrom.

The surety on said guardian's bond is insolvent.

The plaintiff's writ was served by attachment of certain real

estate of defendant, which he has since conveyed, subject to such attachment.

And for the purposes of this suit it is admitted by the defendant that he has not within this State, aside from the real estate so attached, sufficient property to satisfy the claim of the plaintiff; and that a proper demand for an accounting was made upon him by the plaintiff after he became of age and before the commencement of this suit.

Upon the foregoing statement of facts, the court — at the June term, 1871, PIERPOINT, Ch. J., presiding — rendered judgment for the defendant to recover his cost.

To which the plaintiff excepted.

*E. A. Sturtevant* and *Dunton & Veazey*, for the plaintiff.

The only question in this case is whether the county court had jurisdiction. At common law, and under our statute as it was in 1835, the guardian is liable to an action of account brought by the minor before the common law courts, after he has arrived at the age of 21 years. Reeve's Dom. Relations, 322; Co. Lit., 89; *Field et ux.* v. *Torrey*, 7 Vt., 372. Sec. 23 of ch. 48, Gen. Stats., has not changed the law as established by *Field et ux.* v. *Torrey, supra.* In that case it was decided that the action of account may be sustained *after a guardianship ceases*, for what transpired under it. The statute has application during the existence of the guardianship — not after it ceases. If the probate court has power to settle the guardian's account, for a period after the guardianship terminates, it is merely incidental to the power to settle for the period before it terminates. The guardianship ceased when the ward became of full age: more than three months before this suit was brought. During this time, the defendant held the funds, not as guardian, but as bailiff or receiver, and is liable to account. *Field et ux.* v. *Torrey, supra.* Gen. Stats., ch. 84, §§ 12, 28.

Section 23 of chapter 48, Gen. Stats., confines the jurisdiction to the probate court appointing the guardian, and this is plainly one object of the statute, and serves to explain why the word " alone " is used.

*Stewart & Eldredge*, for the defendant.

The probate court has exclusive jurisdiction in the first instance of the settlement of guardian's accounts. Gen. Stats., 48, §§ 12, 23, 28. It has been settled by repeated decisions of this court that the same rule applies to the settlement of guardian's accounts which does to that of executors and administrators, and that in all these cases the probate court has exclusive, original jurisdiction. *Probate Court* v. *Slason et al.*, 23 Vt., 306. It cannot be claimed that the probate court had not jurisdiction of this case, and the settlement of the guardian's account by that court in December, 1870, upon due notice to the ward, was unappealed from and was therefore final and conclusive.

The opinion of the court was delivered by

Ross, J. The question arising upon the agreed facts is, whether the county court had jurisdiction of the subject matter involved. In *Field et ux.* v. *Torrey*, 7 Vt., 372, the court held that a guardian, by continuing to hold the property of the ward after the termination of the guardianship, made himself bailiff of the ward's property for the time which he continued thus to hold it, and was liable to account for the same in the common law action of account ; that the probate court had no jurisdiction over such an accounting, and if the ward chose, he could compel an accounting in the county court, not only for the time which the guardian held the property as bailiff, but also for the entire time which he held the property as guardian and as bailiff. This conclusion was reached after a very full hearing, and a careful and extended examination of the decisions in analogous cases in this country and in England. We are satisfied with the law established in that case. It must govern the decision of this case, unless some statute law has intervened to take away the jurisdiction of the county court in such cases.

The defendant relies upon §§ 12, 23 and 28 of chapter 48, and upon §§ 51 and 52 of chapter 72 of the General Statutes, to show a change in the statute law since the decision of *Field et ux.* v. *Torrey*.

Section 12 confers upon the probate court jurisdiction " of the appointment of guardians, and of the powers, duties, and rights

of guardians and wards," but does not declare that the jurisdiction of that court shall be exclusive. The act of 1797, in force at the time of the decision of *Field et ux.* v. *Torrey*, confers like jurisdiction upon that court, though not in the same language.

Section 23, much relied upon by the defendant, was incorporated into the statute in the revision of 1839. Before that time the appointment of the guardian might be made by one probate court, the license to sell the same ward's real estate by another, and the settlement of the guardian's account, possibly, by still another. The law did not confine the discharge of these several duties in the case of the same ward to one and the same court. To avoid confusion, and to bring the performance of all these duties into the same probate court, this section was enacted. The word " alone, " in this section, is used to confine the discharge of these duties to that one of the probate courts which had or should appoint the guardian, and to exclude the interference of other probate courts in such cases. This, we think, is evident from the preceding sections of the same chapter. Section 19 confers jurisdiction upon that probate court which shall have first assumed jurisdiction to settle the estate of a deceased person, " to the exclusion of all other probate courts." The other sections to and including the 23d, define what probate court shall have jurisdiction of the matters mentioned in the several sections, and have no reference to the jurisdiction of probate courts to the exclusion of courts of common law jurisdiction.

Section 28 gives the county courts appellate jurisdiction of all matters over which the probate courts have original jurisdiction. Section 78 of the act of 1797 gave like appellate jurisdiction to the supreme courts. The act of 1797 contains nearly the same provisions which are contained in §§ 51 and 52 of the General Statutes. We are unable to find any statute law since the decision of *Field et ux.* v. *Torrey*, which takes away the jurisdiction of the county courts in such cases.

It is claimed that *Probate Court* v. *Slason et als.*, 23 Vt., 306, shows there has been a change in the law or decisions of the court in this respect. That case was an action to recover for breaches of a guardian's bond taken to the probate court. The

defendant had never settled his account in the probate court, nor been called upon to do so. The prosecutor was limited to the recovery of nominal damages for that reason By giving nominal damages, the court decided they had jurisdiction of the subject matter, but refused to go into the accounting. The court says, " It seems by the statute, and from the nature of the case, that the rule applies to the case of guardian's accounts which does to that of executors and administrators. And it is now settled by repeated decisions of this court, that in all these cases the probate court have exclusive jurisdiction." It also says, " see also *Field et ux.* v. *Torrey*, which seems to settle the general rule as to the exclusive jurisdiction of the probate court over such matters."

The case then before the court was an action directly upon the bond in the name of the probate court, and not an action of account in the name of the ward. The court well held it would not go into taking the account in an action upon the bond, but compel the party seeking to enforce the bond first to ascertain the amount due the prosecutor, or ward, in the probate court. The language used by the learned judge, who delivered the opinion, in speaking of *Field et ux.* v. *Torrey*, would seem to indicate that there were exceptions to the general rule established by that case, and that the case itself was one of the exceptions. Instead of overruling or questioning *Field et ux.* v. *Torrey*, the court recognized it as an authority which sets forth correctly the general rule and the exceptions.

Judgment of the county court is reversed, and cause remanded.