# M. C. BAILEY ET AL. v. JUDITH BAILEY ET AL.

## October Term, 1894.

*Trustee de son tort.   Suit in equity against by heir to estate.   Multifariousness.*

1. If two persons jointly take possession of the real and personal estate of an insane person and manage the same, they thereby become guardians by construction, and are liable to account under the rules applicable to a trustee *de son tort*.

2. An heir of such insane person may, after his decease, maintain a suit in equity for an accounting to the estate against such intermeddlers, although one of them is the administratrix of the estate and the other has presented a claim against it.

3. Such a bill is not multifarious because it sets out particular instances in which the defendants have received moneys for which they ought to account, so long as it goes for an accounting upon their whole proceeding.

Bill in equity.  Heard at the June term, 1894, Orange county, upon demurrer.  Ross, chancellor, dismissed the bill with costs.  The orators appeal.

*R. M. Harvey* for the orators.

The defendants are jointly liable and no proceeding in the probate court could reach them jointly.  *Isaacs* v. *Clark*, 13 Vt. 657.

They are liable as trustees *de son tort* and of this the probate court has no jurisdiction.  *Masse et al.* v. *Slason et al.*,

13 Vt. 296; *French et al.* v. *Windsor et al.*, 36 Vt. 412; *Barnes* v. *Dow*, 59 Vt. 530.

The bill is not multifarious. *I Dan. Ch.*, 336, 338; *Shaw* v. *Chamberlin*, 45 Vt. 465; *Smith* v. *Scribner*, 59 Vt. 96.

*John H. Watson* and *Smith & Sloan* for the defendants.

There is nothing in the bill to show that the probate court needs the aid of the court of chancery. *Blair, Admr.*, v. *The Heirs, etc.*, 64 Vt. 598; *Davis, Admr.*, v. *Eastman, Exr.*, 66 Vt. 651; *Angus* v. *Robinson's Admr.*, 62 Vt. 60.

TAFT, J.   The question in this case is raised by demurrer to the bill.   The orators are sons of Joseph Bailey, deceased, by his first wife.   The defendant Judith is the widow of Joseph and the mother of his son Hale G., the other defendant.   The estate of Joseph is in process of settlement; the defendant Judith is administratrix.   Hale G. presented a demand against the estate of Joseph to the commissioners appointed to adjust claims against it, which was allowed and an appeal taken in the name of the administratrix, by one of the orators, which appeal is now pending in the county court.   The orators allege that the intestate was insane for many years prior to his death in 1890, that he was incapable of transacting business, that the two defendants took and had the management and disposal of his property, and the income of his property as though it was their own, and refused to allow the said Joseph to have any control or management of it; that the said Joseph had a large claim for the care and support of Mrs. Grow, the mother of Judith, that this claim was settled privately by the defendants, and the amount received by them never accounted for.   They further allege that the defendants have always acted together in the management, control and disposal of the moneys, lands and income belonging to the estate of said Joseph, and that each acted with the knowledge and agreement of the

other, and without any authority whatever, except what, if any, their relationship to him gave them, and entirely without any contract.

The prayer of the bill is that the defendants be ordered to account for all moneys and other property, including the income of the farm, and the amount which they received upon the claim for the support of Mrs. Grow, and to pay over all that may be due from them to said estate. It is claimed in the answer that the bill is multifarious; the question is not argued in the brief, but if insisted upon by the defendants, the point is not well taken. The orators are alike interested in all the matters and things set forth in the bill, and the claim is made against both defendants. The proceeding is not to compel an accounting by Judith's mother, in respect to her support, but it is an attempt to compel the defendants to account for whatever they have received from the property of Joseph, the income and profits of his real and personal estate, including what they received from the mother of Judith upon said claim against her. The bill is not multifarious.

It is argued, and this is the real question in the case, that the orators have a complete and ample remedy at law and that the matters in controversy can be adjudicated in the probate court. The settlement of estates, under our statutes is vested in that court, but equity has jurisdiction whenever its aid is required, and the powers of the probate court are inadequate to deal with the question at issue. The proceedings cannot be sustained upon the ground of discovery, for under R. L. 2157, any person who is charged with having any property of an estate, or concealing it, may be cited before the probate court and examined in reference to it. It is argued that any claim against Hale G. may be presented in set-off to his claim in the proceeding now pending in the appellate court, and that the administratrix may be charged in the settlement of her account with all proper matters in

favor of the estate against her, for which she is liable to account as administratrix. Under the allegations in the bill, the matter in controversy is a claim in favor of the estate against the two defendants jointly. To determine whether the probate court can adequately deal with this question, we must refer to the nature of the claim which is made by the bill. It is therein alleged that Joseph Bailey was insane, incapable of doing any business and was in the care, custody and control of the defendants. They intruded upon his estate, assumed control and management of it without any contract, and have had possession of the same for more than twenty years without accounting for any of the rents, income, profits or property. These are substantially the facts alleged in the bill and admitted by the demurrer; upon these facts, we must hold that the defendants made themselves trustees by construction, or guardians *de son tort;* it is immaterial which term is used in designating their character, for the terms in this respect are synonymous.

There is a class of cases in which it frequently happens that courts of equity adjudge a trust has arisen from the contracts and dealings of parties, although a trust was not within the contemplation of either party, and when there was no fraud actual nor constructive; in which respect chancery proceeds in a manner and upon principles entirely unknown to courts of law; the parties are called trustees by construction; for instances of this character, see I Perry on Trusts, Chap. 7. Among such instances, it has been held that persons may become trustees by intermeddling with and assuming the management of property, without authority; they are held to be trustees *de son tort*, in the same manner that persons who deal with a deceased person's estate without authority are executors *de son tort*. If one enters upon the lands of an individual and takes the rents, manages and carries on the property, he may be charged as a guardian, trustee or bailiff, and so may one who takes personal

property.   The case of *Wyllie* v. *Ellice*, 6 Hare 505, is a case of such holding and the reasoning quite applicable to this.   The defendant Ellice was charged as trustee, having unlawfully and without authority entered upon the plaintiff's estate and held the same, receiving the rents and profits during the plaintiff's infancy, and it was held he became thereby accountable to the plaintiff as "bailiff, guardian or trustee."   The phrase "bailiff, guardian or trustee," as used, was criticised, but Wygram, V. C., observed that as he understood them, they were synonymous expressions, but whether that was so or not, they were sufficient to charge the defendant as trustee.

Holding the defendants accountable as trustee, is but the application of the familiar  principle that if a person by mistake or otherwise, assumes the character of trustee, guardian, executor or administrator, and acts as such, when the office does not belong to him, he thereby becomes such official *de son tort*, and can be called to account, by the beneficiaries, for the assets received under color of the trust.   "If one voluntarily assumes the situation of trustee, it does not lie in his mouth to disclaim that position." *Proprietors* v. *Post*, 31 Conn. 240; and there is a class of similar cases, in jurisdictions in which the executor is not entitled to the rents of the real property, in which it has been held that rents received by an executor, as such, are not regarded as assets, but are held in trust for the heir or devisee. *McCoy* v. *Scott*, 2 Rawle 222; *Adams* v. *Adams*, 4 Watts 160; *Schwartz's Estate*, 14 Pa. St. 42.   In *Lefort* v. *Delafield*, 3 Edw. Ch. 32, the court said as to an intermeddler who, in that case was an executor, that he might be considered either as a wrong doer or as a bailiff.   A person who assumes the character of a trustee incurs the responsibility of one, *Rackham* v. *Siddal*, 1 Mac. & G. 607; *Life Ass'n*, v. *Siddal*, 3 DeG. F. & J. 58.   In *Bennett* v. *Austin*, 81 N. Y. 308, it was held that a person who was, in law, a wrong doer, and

who, without authority, assumed the management of property in which others were beneficially interested, became in equity a trustee by construction, and during the continuance of such management, was subject to the same rules and remedies as other constructive trustees. It has been held that in such cases the wrong doer could not avoid liabilility as a trustee by showing that he was not, in fact, such. *Wilson* v. *Moore*, I Myl. & K. 127.

Analagous in principle is the well established doctrine that "If a man intrudes upon the estate of an infant and takes the profits thereof, he will be treated as a guardian and held responsible therefor to the infant in a suit in equity." *2 Fonbl. Eq. Bk.*, 2 Pt. 2 Ch. 2, S. I and note f. ; *Bennett* v. *Whitehead*, 2 P. Wms. 644; *Morgan* v. *Morgan*, I Atk. 489; *Dormer* v. *Fortesque*, 3 Atk. 124; *Goodhue* v. *Barnwell*, Rice's Eq. (S. C.) 198; *Drury* v. *Conner*, I Har. & Gill (Md.) 220; *Chaney* v. *Smallwood*, 1 Gill (Md.) 367.

In many of these cases, the question arose whether the intermeddlers should be treated as trespassers or as trustees, etc., by construction. In such cases the doctrine seems to be as stated in *Wyllie* v. *Ellice*, *supra*, in which it is said that the plaintiff might treat Ellice as a trespasser or sue him as a bailiff, guardian or trustee. He might elect to treat him as either ; that if Ellice had entered upon the plaintiff's property unlawfully and without authority, he could treat him as a trespasser or call him to an account in equity. That if he did the latter, he must join as defendants all who acted with him as bailiffs, guardians or trustees ; that equity would require that all parties jointly liable with the defendant should be made accountable with him.

It is well to bear this in mind, for it is urged by the defendants here, that the remedy of the orators is in two separate proceedings, one against one defendant and the other against the other.

Joseph Bailey was insane, and his position was similar to

that of an infant, and the same rule should be applied to his case as to that of an infant.

The only legitimate way of dealing with his property, in the condition in which he then was, was by the appointment of a guardian, who could legally take control of the property and manage it. The defendants constituted themselves his trustees, guardians, etc., and stood in a similar relation to the deceased as a guardian, who, after his time of guardianship expires, continues without right to hold control and manage his ward's property, stands to the ward. Now, although the probate court has exclusive jurisdiction of guardians' accounts, it has been held in such cases that the ward may maintain the common law action of account against the guardian, and that the guardian by his act makes "himself bailiff of the ward's property for the time which he continues thus to hold it, and liable to account for the same in the common law action," and that if the ward chose, he could compel the guardian to account to him in the common law action, for the time after the guardianship ceased, and also could bring into the same adjustment the guardian's account which accrued during the time of the guardianship. *Field* v. *Torrey*, 7 Vt. 372 ; *Harris* v. *Harris*, 44 Vt. 320.

We think the powers of the probate court are not adequate to the settlement of such a controversy as is shown by the bill. It has no power to cite before it any persons who have been acting as trustees by construction or officials *de son tort* and to settle their accounts. It settles the accounts of such officials as are appointed by the court itself, and not the controversies that arise when one has intermeddled with the estate of an infant, insane person, or a trust. The aid of the court of equity may well be invoked in this proceeding. In this case, for the reasons stated, the orators have the right to have the controversies settled in one proceeding instead of compelling them to proceed in the probate court and in the appellate court, in proceedings against the two defend-

ants separately, and it is doubtful if the probate court have power to settle and adjust the equitable claims set forth in the pleadings, for the probate court are given power to hear and determine in equity, those matters only, relating to the trusts mentioned in R. L., Chap. 119, and those named therein do not include such as are created by the intermeddling of volunteers. The matter of trusts is peculiarly within the jurisdiction of equity. That a suit at law cannot be maintained in this matter must be apparent to every one, as the suit must be brought in the name of the administratrix against herself and another.

Treating Hale G. Bailey as a guardian or trustee *de son tort*, and that the probate court could properly settle his account as such, the claim against him—if several—cannot be pleaded in set-off to the claim presented by him against Joseph Bailey's estate, for commissioners do not have the necessary powers to dispose properly of the various questions that may naturally arise in the adjudication of a deceased guardian's account. *Waterman* v. *Wright*, 36 Vt. 164. And the same difficulty arises when such an account is presented in set-off to a claim pending before commissioners in favor of a guardian against the estate of a deceased ward. A probate court never settles the account of an official *de son tort*. There is, therefore, no remedy against Hale G. Bailey in the probate court.

*Decree reversed, demurrer overruled, bill adjudged sufficient, and cause remanded.*

Rowell, J., dissents.