This matter was originally heard by Vice-Chancellor Egan upon plaintiff's bill of complaint filed in the former Court of Chancery. The Vice-Chancellor's opinion, in which the facts are set forth at length is reported in 138 N.J. Eq. 206. The decree advised in conformity with the opinion found the plaintiff to be restored to sound reason and fit to govern himself and manage his affairs. The inquisition of lunacy was superseded. The appointment of a guardian for the plaintiff by the Warren County Orphans' Court was declared to be void, as were the sales of plaintiff's real and personal property. The Washington Trust Company, which had been named as guardian, was directed to account in the court of equity for the income, rents and profits from the estate of the plaintiff and to "deliver, pay over, assign, convey and restore unto complainant all the estate, real and personal, by the said guardian received, belonging to the said complainant."
Upon appeal the decree was affirmed except as to that portion which required the guardian "to deliver, pay over, assign, convey and restore unto" respondent "all the estate, real and personal, by the said guardian received, belonging to `respondent.'" As to the quoted portion of the decree, the Court of Errors and Appeals held that the validity of the titles of the respective vendees of the real property could not be open to inquiry conclusive upon them until they were made parties to the proceeding.140 N.J. Eq. 207.
Thereafter, with the consent of the Court of Chancery, plaintiff amended his complaint. Joined as defendants were Charles N. Cronce, the purchaser of the real property from the Washington Trust Company, and Myrtle W. Cronce, his wife; Arthur J. Jaros and Linda, his wife, grantees of Cronce of a portion of the property and John S. Snover and Mary Jane Snover, his wife, lessees from Cronce of the balance of the property. In the amendment, plaintiff sought to have *Page 575 
declared void the conveyances and lease; a reconveyance to him of the property, and an accounting. The defendants, in their answers, reasserted the regularity of the guardianship and of the conveyances; charged the plaintiff with laches and insisted that he was estopped to question the regularity of the proceedings. And, finally, they claimed the equitable rights of bona fide
purchasers for value without notice of any defects in the title.
In view of the emphatic pronouncement of the former Court of Errors and Appeals in this case, and by the Supreme Court inMiske v. Habay, 1 N.J. 368, it is no longer open to question that the appointment of the Washington Trust Company as guardian of the plaintiff was void. The Warren County Orphans' Court was without jurisdiction and its acts passed for nothing. So, too, with the acts of the guardian. It is as if there had been no appointment. Miske v. Habay, supra. Consequently the conveyance of plaintiff's property by the Washington Trust Company was a nullity. The deed was ineffective to transfer any title to Cronce. And Cronce, having no title, could not convey what he did not have to Jaros, or the tenant, Snover. Any claim that either of the defendants was a bona fide purchaser is without merit. They are chargeable with notice of all defects in the judicial proceedings through which their claim of title was derived.Matarrese v. Matarrese, 142 N.J. Eq. 226.
Nor am I able to find any merit in the defendant's claim that since the sale received the approval of the Court of Chancery, this proceeding is an improper collateral attack upon the decree of that court. Any jurisdiction of a court of equity to authorize the sale of lands of an incompetent must be grounded upon some legislative grant. Cooper v. Wallace, 55 N.J. Eq. 192. And, there being no guardian, the Court was without authority to make the decree approving of the sale.
Similarly, without force is the argument that the participation of the plaintiff through counsel, in the accounting proceeding in the Warren County Orphans' Court was a waiver of objections to the proceeding and a ratification of *Page 576 
the appointment of the guardian. The Warren County Orphans' Court was without jurisdiction to entertain the accounting. Hence, its acts in the premises, were of no effect and no action on the part of this plaintiff could confer on that Court jurisdiction which it did not possess. And, it might be noted, the account was not allowed until after the bill in this case had been filed.
The decision voiding the appointment of the guardian was based upon the fundamental constitutional guaranty of due process. Under such circumstances, no act of ratification or confirmation could supply validity to that which was void, or create a title where there was none. The conveyances were nullities, being in violation of a fundamental policy of the law and the doctrine of estoppel and waiver could not be invoked to give them force.
And I can find no basis for a charge that the plaintiff has been guilty of laches. The record shows that he moved with dispatch to assert his rights when they were made known to him. This, aside from the fact that he was under a disability during the greater part of the time these proceedings were being carried on.
The deed to Cronce and the deed and lease from Cronce to the other defendants will be voided. The property will be ordered reconveyed to the plaintiff. All defendants must account in this Court. Cronce will be entitled to the return of the purchase price and credit for necessary permanent improvements. The Trust Company, in turn, will be credited with the payment of liens and taxes and any advancements made to the plaintiff. The extent to which the credits and allowances will be made can await the coming in of the accounting. *Page 577