## LEFORCE v. COOPER.

No. 10475—Opinion Filed July 11, 1922.

(Syllabus.)

1. **Trial—Submission of Issues—Absence of Evidence to Support Counterclaim.**
Where the plaintiff brings an action to recover damages for assault and battery committed upon him by the defendant, and the defendant sets up in his answer a counterclaim for damages by reason of trespass upon his premises by the plaintiff at the time the assault and battery was alleged to have been committed by the defendant, but the defendant offers no testimony in support of his claim for damages, the trial court committed no error in refusing to submit the question of the defendant's damages to the jury.

2. **Appeal and Error—Verdict—Conclusiveness.**
Where the trial court submitted to the jury under proper instructions the theory of the case presented by the plaintiff and defendant, and there is sufficient competent evidence to reasonably support the verdict, the finding of the jury is conclusive upon appeal.

Error from District Court, Garfield County; J. C. Robberts, Judge.

Action by Thomas J. Cooper against James Leforce for damages for assault and battery. Judgment for plaintiff, and defendant brings error. Affirmed.

H. J. Sturgis, for plaintiff in error.

M. C. Garber, for defendant in error.

JOHNSON, J. This is an appeal from the district court of Garfield county; Hon. J. C. Robberts, Judge.

The record discloses that:

On the second day of February, 1918, plaintiff filed his petition in the district court of Garfield county, Okla., and for his cause of action against the defendant alleged that therefore, to wit:

"On or about the 17th day of February, A. D. 1917, the said defendant, without justifiable cause or excuse, did unlawfully, maliciously, and wantonly assault, beat, and wound the plaintiff by means of a dangerous and deadly weapon, to wit, a Winchester rifle, by striking and beating the plaintiff on the head with said rifle, inflicting on plaintiff wounds and bruises and rendering him unconscious for a long time.

"That by reason of said unlawful acts on the part of the defendant, the plaintiff was made sick and sore, and suffered, and still suffers great mental and bodily pain and anguish, and is permanently injured in and about his head and ear where said blows took effect; that on account of said unlawful assault and beating, the plaintiff has paid out and expended in medical aid in attempting to be cured of said injuries the sum of $125, and has been otherwise damaged in the sum of $5,000.

"That said assault and beating was unprovoked, wanton, and malicious, whereby plaintiff is entitled to recover exemplary damages.

"Wherefore, plaintiff prays judgment against the defendant for the sum of $5,125 actual damages by him sustained and $5,000 exemplary damages, and the cost of suit."

On the 23rd day of November, 1918, the defendant filed his answer and cross-petition, reading as follows:

"For his answer defendant denies each and every allegation in plaintiff's petition contained except such as are hereinafter especially admitted.

"(1) Defendant alleges that long prior to and at the time mentioned in the petition the defendant was in lawful possession of the northeast quarter of section 20, in township 22, north of range three, west, I. M., Garfield county, Okla.

"(2) That in the nighttime, between the hours of nine and ten o'clock p. m. of said

day, the plaintiff in a buggy drove in the yard immediately in the rear of defendant's house, and without cause, provocation, or authority disturbed the peace and quietude of the defendant and his family by making slanderous accusations against the defendant and his son, in an insolent, insulting, arrogant manner.

"(3) That when requested to desist and leave the premises, the plaintiff, being armed with a loaded revolver, threatened the defendant and refused to do so, and thereupon the defendant in the defense of his possession, of his person and the preservation of the peace and quietude of his family, struck the plaintiff, using only such force as appeared to him to be reasonably necessary under the circumstances.

"(4) That the acts alleged are the same of which the plaintiff complains.

"Wherefore defendant asks judgment for costs."

For his cross-petition defendant repleads in haec verba the first, second, and third paragraphs of his answer, and alleges:

"(1) That the said trespass of 'he plaintiff upon the premises of the defendant in the nighttime with a loaded revolver and the disturbance of the peace and quietude of his family, was to the damage of the defendant in the sum of $100.

"(2) That said acts were without cause, provocation, or color of right or authority, willful, wanton, and malicious, for which the said plaintiff should be punished by the assessment of punitive damages in the sum of $1,000.

"Wherefore defendant asks judgment for actual damages in the sum of $100 and for punitive damages in the sum of $1,000, and for costs of suit."

The cause was tried to the court and jury and resulted in a verdict and judgment in favor of the plaintiff in the sum of $275. The defendant filed a timely motion for new trial, which was overruled by the court. To reverse which judgment, this proceeding in error was commenced.

For convenience the parties will hereinafter be referred to as plaintiff and defendant, respectively, as they appear in trial court.

The defendant's assignments of error are:

"(a) The court erred in overruling defendant's motion for a new trial.

"(b) The court erred in giving the following numbered instructions to the jury: 3, 6, 7, 8, 9.

"(c) The court erred in refusing to give the following numbered instructions to the jury, asked for by the defendant. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12.

"(d) The court erred in refusing to instruct the jury so as to present defendant's counterclaim for damages set up in his cross-petition."

Counsel for the defendant argues but two questions in his brief. The first of which is that the court erred in refusing to give defendant's requested instruction No. 12, concerning which counsel states in his brief as follows:

"The refusal of the following instruction absolutely necessitates the reversal of this case, because it deprived the defendant of a substantial right which should have been granted to him in the trial of the case:

" 'Instruction No. 12.

" 'For his cross-petition the defendant alleges: That long prior to the 17th day of February, 1917, he was the owner of and in lawful possession of the N. E. ¼ of section 20, township 22, north of range 3, W. I. M.; that the plaintiff between the hours of nine and ten o'clock at night of said day, in a buggy, drove in the yard immediately in the rear of his house, and without cause, provocation, or authority, disturbed the peace and quietude of himself and family by making slanderous accusations against him and his son in an insolent, insulting, and arrogant manner; and that when requested to desist and depart from said premises, he refused to do so; that said trespass and the disturbance of his peace and quietude was willful, wanton, and malicious, for which he asks damages in the sum of $100, and exemplary damages in the sum of $1,000.

" 'In this connection you are instructed that if you find that the plaintiff entered upon the premises as alleged, and when requested to depart he refused to do so, he then and there became a trespasser on said premises, and the defendant is entitled to recover such damages as you find from the evidence will compensate the plaintiff (sic) not exceeding $100.00.

" 'And if you further find that said trespass was wanton, willful, and malicious, in addition to the actual damages you may give damages for the sake of example and by way of punishing the plaintiff in an amount not to exceed $1,000.' "

Counsel cites in support of his contention sections 4745 and 4746, Rev. Laws 1910, providing that the defendant may set forth in his answer as many grounds of defense, counterclaim, set-off, etc., providing that the counterclaim arose out of the transaction set forth in the plaintiff's petition or is connected with the subject of the action. Then follow citations of Deagan v. Weeks, 73 N. Y. Supp. 641; Gutsman v. Clancy, 114 Wis. 589; and Slone v. Slone, 2 Metc. (Ky.) 339.

As to the proposition announced in the statute and cases cited, supra, there is no dispute as to the law, that is, that in a proper case damages may be pleaded by the defendant as a counterclaim or set-off, and the correctness of that proposition is not involved in this appeal.

But the question argued, that the court erred in refusing to give the requested instruction, must be determined from the facts and circumstances as they are disclosed by the record. All of the testimony, without dispute, shows that the defendant's house, near which the difficulty occurred, was located on the defendant's premises about 300 feet back from the public highway, and was surrounded by a yard fence, and that the defendant maintained an open driveway from the highway up to his house, and that the plaintiff in the nighttime, on the 17th of February, 1917, at about 9 p. m., when it was dark, drove in his buggy, drawn by one horse, from the highway up to the defendant's house, where there was a gate situated about 25 feet from the door of the defendant's house, which opened out on a porch, stopped his horse and buggy, and hallooed "Hello". In response thereto, the defendant opened the door, through which the light shined, so much so that the defendant recognized the plaintiff seated in his buggy; also testified that he recognized the plaintiff's voice. But as to the words spoken back and forth by the parties, beginning with the opening of the door by the defendant, up to and including the difficulty, the testimony of the plaintiff and defendant is in conflict. The plaintiff testifying, in substance, that when the defendant opened the door he inquired of the plaintiff what he wanted; that he, the plaintiff, replied by asking of the defendant if he knew of the whereabouts of the plaintiff's daughter, Edith. To which the defendant replied, in a profane way, that it was none of the plaintiff's business. The plaintiff then testified, in substance, that he next inquired of the defendant where Ed was, meaning the defendant's son; that the defendant immediately replied in a profane way, that that was some more of his business. The plaintiff testified further, in substance, that when the defendant opened the door and stepped out in the light, he saw that he had something in his hand that shined, but he could not tell what it was; that the defendant closed the door behind him, and continued walking out towards the plaintiff till he came up by the buggy, in which the plaintiff remained seated, and struck plaintiff a heavy blow on the head, after which the plaintiff was unconscious, and that the next thing he remembered was being in a neighbor's house some distance away, surrounded by such neighbor, a doctor, and the defendant's son, Ed. After which plaintiff requested that his son be called, and that later on his son came; after which plaintiff was taken to his home, and later to a hospital, where he remained under the care of a physician and nurse for a week, then he was removed to a hotel in town, where he remained under the care of physicians another week.

The defendant testified, in substance, concerning the conversation preceding the difficulty, and the difficulty, that when he opened the door in response to the plaintiff's call and inquired as to what he wanted, the plaintiff inquired of the defendant concerning the whereabouts of the plaintiff's wife and daughter, Edith, referring to them by vile and vulgar epithets; that he, the defendant, replied to such inquiry that he had not seen them; that the plaintiff then asked where Ed, meaning the defendant's son, was, and that the defendant replied that he was in bed. The defendant testified that, previous to these statements of the plaintiff, the plaintiff said to the defendant when defendant opened his door, "Come out here, I want to see you", and that he recognized by the tone of his voice that he was angry, and that he, the defendant, reached up and took his little target with him as he went out, that the gun was right over the door of his porch, and that when he first asked the plaintiff what he wanted, it was then that the plaintiff replied in a profane and vulgar reference to plaintiff's wife. The defendant further testified, in substance, that from the time he left the door of his house with the gun in his hand he kept walking towards the plaintiff, who was seated in his buggy, and that as he opened the yard gate and approached the buggy he saw the plaintiff suddenly reach back with his right hand either to his right overcoat pocket or the right hip pocket of his pants, at which time he, the defendant, struck the plaintiff with the gun, knocking him over on his side in the buggy; that he remained standing by to see that the horse did not leave with the buggy, and that he, the defendant, called to his son, Ed, to phone a neighbor and a doctor, and directed the neighbor and Ed to take the plaintiff to a neighbor's house where the doctor had been directed to meet them.

The record discloses that there was no other eye-witness to the difficulty, and no other witness testified as to how it occurred. The defendant offered no testimony in support of his allegation in his cross-petition that he had suffered actual dam-

ages in the sum of $100 and exemplary damages in the sum of $1,000, or in any sum.

In these circumstances, we are clearly of the opinion that the trial court committed no error in refusing to give the defendant's requested instruction No. 12, hereinbefore set out, for the reason that there was no testimony in the record that tended to show in the slightest degree that the defendant had sustained damages of any kind or character.

The defendant cites in support of this last contention the case of Brisley et al. v. Mahaffey, 64 Okla. 319, 167 Pac. 984. The facts in that case, and the procedure had therein upon the trial below, were so dissimilar to the facts and procedure below in the instant case that we fail to see wherein they directly apply to the instant case. We think, if they can be made to apply by analogy, the rules there announced are against, rather than supporting, the defendant's contention.

Hence we do not deem it necessary to notice the case further than to say it does not support the defendant's contention.

In the instant case we have carefully examined the defendant's complaint as to the court's instructions and the requested instructions of the defendant that were refused by the court, and are clearly of the opinion that the instructions given fairly and reasonably submitted the plaintiff's cause of action to the jury, as well as the defendant's defense.

The records present a case where the testimony is more or less conflicting, but the plaintiff's testimony supports the verdict of the jury in his favor and in the amount thereof, and in these circumstances the same will not be disturbed. The judgment of the trial court is, therefore, affirmed.

McNEILL, MILLER, ELTING, KENNAMER, and NICHOLSON, JJ., concur.