This action was commenced in the county court of Pittsburg county, Okla., by Walton Carney, by his next friend and wife, Mary Pickens Carney, and Mary Pickens Carney, plaintiffs in error, plaintiffs below, against H. R. Brown, defendant in error, defendant below, to remove H. R. Brown as guardian of Walton Carney, an incompetent.
The parties will be referred to as plaintiffs and defendant as they appeared in the lower court.
Upon examination of the record it is disclosed that H. R. Brown was appointed guardian of the person and estate of Walton Carney by the county court of Pittsburg county on the 1st day of April, 1915, after a hearing before said court, at which Walton Carney was found to be an incompetent, and on the 16th day of April, 1923, the plaintiffs filed a petition in the county court, asking for the removal of the guardian on the grounds that the said Walton Carney was, at the time of filing the petition, mentally competent to manage his property; that he was a restricted Choctaw Indian and that his oil royalties were handled by the Interior Department; that he was capable of managing such property as would come into his hands, and that by and with the assistance of his wife he was able to take care of his resources.
H. R. Brown, guardian, answered, alleging that Walton Carney was a full-blood Indian and that his property and funds were subject to the control of the Interior Department, and that the property which he had bought consisting of a farm and the improvements thereon, had been bought under the orders of the Department of Interior; that the estate of his ward was valued at about a quarter of a million dollars, and that, if the guardianship were cancelled, he would not be competent to handle his property and would be subject to being defrauded by designing and unscrupulous persons and would be easily influenced by them and would lose the property; that he was below the average full-blood Indian in intelligence, without any education and without any business experience, and without the necessary knowledge of property to enable *Page 166 
him to conduct his affairs intelligently; that his wife would have no legal right to act for him unless appointed as his legal guardian.
Robert Crockett, United States probate attorney, filed a separate answer, denying the allegations of plaintiffs' petition, and alleged that Walton Carney was a restricted Indian, and all of his property, except his allotment, had been bought for him under the direction and control of the Department of the Interior; that he had no business experience and was unable to handle and take care of his property; that his property was being handled and being administered by the Interior Department and his guardian at a minimum cost to his estate and bad every protection and was being properly conserved for his benefit.
The county court, at the close of the evidence on part of the petitioners, sustained a demurrer filed by the attorneys for the guardian and dismissed the petition.
The plaintiffs then appealed to the district court of Pittsburg county and by consent of the parties the cause was referred to a referee with orders to take testimony and report his findings of fact and conclusions of law to the court, which was accordingly done, the report of said referee being, in part, as follows:
"I have reached the following conclusions of law:
"1. The burden is upon the petitioners to show that Walton Carney is competent to manage his own estate.
"2. That one who is mentally normal who, through lack of education and training, is unable, unassisted, to properly manage and take care of himself or his property, and by reason thereof would be likely to be deceived or imposed upon by artful or designing persons, is incompetent. (Shelby v. Farve,33 Okla. 651, 126 P. 764.)
"I make the following findings of act:
"1. I find that Walton Carney is of full age and of normal mind, but that through lack of education and business experience he is unable, unassisted, to properly manage or take care of his property and that by reason thereof he would be likely to be deceived or imposed upon by artful or designing persons.
"2. I find that the petitioners failed to sustain the burden of proving that Walton Carney is competent and able to manage his own affairs.
"3. I find that it is to the best interest of said Walton Carney and of his estate that the guardian of the estate be continued."
To the report of the referee the plaintiff filed their exceptions to both the findings of fact and conclusions of law and the guardian filed motion to confirm the report of the referee.
The court, having heard the exceptions to the report and the motion to confirm the report, confirmed the report of the referee and entered its judgment, denying the petition of the plaintiffs for the removal of the guardian. Motion for new trial was filed, heard, and overruled; exceptions reserved, and the cause comes regularly upon appeal by plaintiffs from the judgment of the lower court to this court for review.
The attorneys for plaintiffs set up seven assignments of error, but content themselves by submitting the same under two propositions, which are as follows:
(1) Did the referee err in the admission of evidence of the defendant in error over the objection of the plaintiff in error?
(2) Is there any evidence reasonably tending to support the judgment and decision of the court?
All the evidence produced by plaintiffs and defendant as to Walton Carney's competency was that of nonexpert witnesses, and attorneys for plaintiffs urge that certain testimony was admitted by the referee of opinion of nonexpert witnesses, who did not qualify to give such testimony. This contention must be measured by the rule laid down by this court in the case of Campbell v. Dick et al., 71 Okla. 186, 176 P. 520, which was a case to set aside a deed on account of mental incapacity of the grantor, and in passing upon this question the court said:
"In a suit to cancel a deed on the ground of mental incapacity of the grantor, nonexpert witnesses acquainted with the grantor, and who have had sufficient opportunity to inform themselves of her mental condition, having stated the facts which they observed and upon which they base their opinion, may express an opinion as to her competency to execute the conveyance."
Measured by the rule established in the case, supra, some of the witnesses on part of the plaintiffs did not qualify to give opinion as to the competency of Walton Carney, while some of them did so qualify. O. O. Posten, a witness for the defendant, testified that he had known Walton Carney for about two and a half years; that he worked on the farm occupied by Walton Carney and his wife and associated with him and became well acquainted with him; that their families visited; that he talked with him about his business affairs and asked *Page 167 
him if he knew what the improvements being made on his place were costing him and he did not seem to know, and, from his acquaintance and from his conversation and association with him, he did not consider him competent to manage his own affairs, and, under such circumstances, this witness qualified under the rule laid down in the case of Campbell v. Dick et al., referred to above. Tom Halle a witness for the defendant, testified that he had know Walton Carney since 1918 and as probate attorney he had had conversations with him about his business affairs, concerning his land, funds, and property in general, and from those conversations he had an opportunity to determine his mental capacity and ability up to the year 1921, and that he did not consider him competent to transact his own affairs. L. G. Harries, probate clerk, Indian service testified he had known Walton Carney four years prior to March, 1923, and had frequent talks with him concerning his business affairs, and that he considered him incompetent to manage his property. The defendant, H. R. Brown, testified in his own behalf that, in the operation of Walton Carney's farm, he did not show any intelligent interest nor did he show any inclination to take an interest therein or assist him in operating the farm. The evidence showed that, in addition to about $300,000 in cash, received from royalties from oil, in the hands of the Interior Department belonging to Carney, there is other property belonging to him, consisting of a farm and improvements thereon, a team, automobile, cow, and other personal property, valued at about $14,000. Some of the witnesses, who qualified under the rule laid down in the case above cited, gave as their opinion that he was competent and there was a sharp conflict of opinion as to his competency, but, as found by the trial court, the burden of proving competency was upon the plaintiffs in the case, and upon the rule to be applied here to contradictory and conflicting testimony in a case of this character, which has been referred to a referee to take evidence and report his findings of fact and conclusions of law, this court has said that on appeal such findings of fact and conclusions of law, "should be given the same consideration as the special verdict of a jury, and should not be disturbed if there is any evidence reasonably tending to support it." Town of Sapulpa et al. v. Sapulpa Oil Gas Co., 22 Okla. 347, 97 P. 1007.
And this court has further held:
"Where the evidence is in conflict and there is competent evidence and inferences that may be drawn therefrom to reasonably sustain the verdict rendered and the verdict rendered has the affirmative approval of the trial court, this court will not disturb the verdict." Blasdell et al. v. Gower,70 Okla. 178, 173 P. 644; Cromwell v. Hamilton, 89 Okla. 225,214 P. 694; West v. Oakey, 84 Okla. 59, 202 P. 318; Okla., K. M. Ry. Co. v. Hurst, 86 Okla. 177, 207 P. 86; LeForce v. Cooper, 87 Okla. 9, 208 P. 795.
We have heretofore held that the evidence offered by defendant was competent. We are also of the opinion that it was sufficient to sustain the findings of the referee, who had the parties and the witnesses before him in the taking of the testimony in this cause and who was in a better position to weigh the testimony and give the proper weight to the testimony of each witness than is this court upon the record presented here. The plaintiff, Walton Carney, is an incompetent under the decision of this court in the case of Shelby v. Farve,33 Okla. 651, 126 P. 764. Under such circumstances we feel impelled to follow the findings of the referee, which were confirmed by the trial court after a full and complete hearing in this cause, and we are constrained to the conclusion that said findings should not be disturbed upon appeal by this court.
We are, therefore, of the opinion that the judgment of the lower court should be and is hereby affirmed.
By the Court: It is so ordered.