### COLBY v. JACOBS, County Judge, et al.

No. 27564.    Dec. 22, 1936.

Rehearing Denied Feb. 2, 1937.

Williams, Cowan & Benedum and Cook & Bingaman, for petitioner.

Glasco & Wilson and Roy Glasco, for respondent.

GIBSON, J. This is an original action commenced by Lula O. Colby for a writ of prohibition directed to Honorable H. R. Jacobs, county judge of McClain county, prohibiting him as such judge from proceeding in the matter of appointment of a guardian for petitioner as an alleged incompetent person.

A petition was filed in the aforesaid county court under authority of sections 1445, 1447, O. S. 1931, for the purpose of declaring the present petitioner incompetent and for the appointment of a guardian of her estate. Thereafter, on October 22, 1936, the county court ordered said cause set for hearing on the 30th day of that month and directed that notice thereof be given by posting notices and by personal service on the petitioner herein. Thereupon, notice was issued to petitioner and served by the sheriff by leaving a duly certified copy thereof at petitioner's usual place of residence with J. H. Colby, her husband. No personal service of the notice was had upon petitioner.

In such case the provisions of section 1445, O. S. 1931, are mandatory. Unless the prescribed notice as therein provided is given, the county court acquires no jurisdiction to hear and determine the proceedings for the appointment of guardian. Martin v. O'Reilly, 81 Okla. 261, 200 P. 687. In the first paragraph of the syllabus of that case the rule was stated as follows:

"Held: In a proceeding for the appointment of a guardian of a person upon the ground that such person is mentally incompetent to manage his property, that the provisions of said statute (1445, O. S. 1931)

are mandatory, and unless the prescribed notice is given, the court is without jurisdiction to hear and determine such proceeding."

Under authority of Daniels v. Barnett, 122 Okla. 202, 253 P. 300, prohibition is the proper remedy where the county court without sufficient notice, and therefore without jurisdiction, attempts to appoint a guardian for and take possession of the estate of an alleged incompetent person.

Section 1445, O. S. 1931, reads as fol'ows:

"When it is represented to the county court upon verified petition of any relative or friend, that any person is insane, or from any cause mentally incompetent to manage his property, the judge must cause notice to be given to the supposed insane or incompetent person, of the time and place of hearing the case, not less than five days before the time so appointed, and such person, if able to attend, must be produced before him on the hearing."

The county court's jurisdiction in the instant case depends upon the notice given to petitioner's husband. The respondent takes the position that section 1445, supra, prescribes no mode of service of notice and that said notice constituted a citation (sec. 1077, O. S. 1931), and the notice being a citation, the officer was required to make service thereof in the manner provided for service of summons in a civil action (sec. 1076, O. S. 1931).

The two latter sections do not control the mode of service of notice in proceedings of the character here under consideration. Section 1445, supra, is plain and unambiguous in its provisions as to service: "The judge must cause notice to be given to the supposed insane or incompetent person. * * * *" The county judge in the instant case ordered that notice be "personally served upon Lula O. Colby." This order complied with the statute, but service was not made as ordered. The provision that notice be "given to" the alleged incompetent certainly contemplates personal service as was ordered by the court. Personal service ordinarily means actual delivery of process to the one to be served in person, and does not include service by leaving a copy at the usual place of residence. 50 C. J. 467. See, also, Clemens v. State, 5 Okla. Cr. 119, 113 P. 238.

Our conclusion here is supported by the Circuit Court of Appeals in Martin v. White, 76 C. C. A. 671, 146 Fed. 461, wherein the court had under consideration a statute containing substantially the same language as ours, and which provided, "the commissioner shall cause notice to be given to the supposed insane person of the time and place appointed for hearing the case." It was there held that the provision of the statute was susceptible of no other meaning than that notice should be personally served upon the individual to be affected thereby. Here the service was not so made, and the county court was therefore without jurisdiction to proceed with the appointment of guardian.

Such want of jurisdiction is sufficient under the decision in Daniels v. Barnett, supra, to warrant issuance of the writ of prohibition, and it is so ordered.

McNEILL, C. J., and RILEY, BAYLESS, PHELPS, and CORN, JJ., concur. OSBORN, V. C. J., and BUSBY and WELCH, JJ., dissent.

WELCH, J. (dissenting). I am unable to concur in the viewpoint expressed by the majority of my associates. Article 4, chapter 9, O. S. 1931 (sections 1445-1449), vests in the county courts of this state exclusive jurisdiction over the persons and estates of incompetent persons and outlines the procedure for the protection of the property of such persons.

"The phrases 'incompetent,' 'mentally incompetent' and 'incapable' as used in sections 1449 and 1450, C. O. S. 1921 (secs. 1445 and 1447, O. S. 1931), mean any person who, though not insane, is, by reason of old age, disease, weakness of mind, or from any other cause, unable, unassisted, to properly manage or take care of his property, and by reason thereof would be likely to be deceived or imposed upon by artful or designing persons." In re Carney's Guardianship, 110 Okla. 165, 237 P. 111.

It is my opinion that the construction of section 1445, O. S. 1931, adopted in the majority opinion is not justified, is in fact a strained construction, and may create a situation through which the wholesome and salutary purpose of the law might be effectually thwarted. If the jurisdiction of the county court, which is vested with the power and duty of protecting the property of such unfortunate person, depends upon the delivery of process into the hands of the person of the alleged incompetent, then a removal of such person outside of the jurisdiction of the court or the concealment of such person renders such court powerless to perform the duties and functions imposed upon it by law.

If it is necessary to resort to any construction of the statutes, it is the duty of this court, as I conceive it, to place such construction thereon as will effectuate the pur-

pose for which the statutes were enacted. But let us examine the applicable statutes for the purpose of determining whether or not it is necessary to resort to any studied construction. Section 1445, supra, is quoted in the majority opinion. The following sections appear in the Probate Code:

Section 1072, O. S. 1931, provides:

"All process issued by the county court shall be served in the same manner and by the persons and officers as provided for the service of process of the district court with the same fees."

Section 1077, O. S. 1931, provides:

"When a personal notice is required, and no mode (of) giving it is prescribed in this chapter, it must be given by citation."

Section 1076, O. S. 1931, provides:

"The citation must be served in the same manner as a summons in a civil action."

The following sections appear in the Code of Civil Procedure:

Section 263, O. S. 1931, provides:

"The service of the notice shall be made in the manner required by law for the service of a summons; and when served by an officer, he shall be entitled to like fees."

Section 172, O. S. 1931, provides as to summons:

"The service shall be made by delivering a copy of the summons to the defendant personally or by leaving one at his usual place of residence with some member of the family over 15 years of age at any time before the return day."

In the instant case service of the notice was made upon the alleged incompetent person' by leaving a copy thereof at her usual place of residence with a member of her family over the age of 15 years, to wit, her husband. In view of the plain and unambiguous statutory provisions which are hereinabove quoted, it seems to me that said service was amply sufficient to confer jurisdiction upon the county court and to authorize it to proceed to a determination of the allegations of the complaint. I would be unable to concur in the majority view if I could agree that section 1445, supra, was the only statute applicable to the situation at hand and that it should be strictly construed. The service of process upon an individual by leaving the copy at the usual place of residence with a member of the family who is above a certain age is not constructive service, but is a method of personal service, or a substitute therefor, specifically authorized by law.

In the case of In re Hendrickson (S. D.) 167 N. W. 172, the court was concerned with a problem quite similar to that presented in the instant case. An examination of the opinion discloses the applicability of the following quotation from the body of the opinion, where it was said in reference to statutes quite similar to our own:

"It must be conceded under the statutes above referred to and under the great weight of judicial authority, that, if the citation had been served by leaving a copy at the Salmonson home in Brookings county with the proper member of the family, no question could have been successfully raised as to the character of the service."

In the case of Grant v. Lawrence, 37 Utah 450, 108 P. 931, it was held:

"Substituted service of summons if properly made by leaving copy at defendant's usual place of abode with some suitable person of at least 14 years of age, as authorized by Comp. Laws 1907, sec. 2948, subd. 8, constitutes personal service."

We quote from the body of the opinion the case of Board of Commissioners of Atchison County v. Challis, 65 Kan. 179, 69 P. 173, as follows:

"Mr. Alderson, in his work on Judicial Rights and Process, at page 179, says: ' "Personally served," as used in the statute, means personal service as distinguished from service by publication. In this sense, service by leaving copy of the writ at the residence of defendant is personal service, as much as reading a summons to him.' In the case of Dunkle v. Elston, 71 Ind. 585, it is held: ' "Personally served," as used in section 315 of the Code, as amended by the act of March 6, 1877, has reference to personal service as distinguished from service by publication, and service by copy left at the last usual place of residence is personal service within the meaning of the statute'."

In the opinion it is said:

"It is further objected that the service of the summons on two of the defendants was by copy, which it is complained is not personal service in accordance with the requirement of the proviso quoted supra. We hold that the phrase 'personally served' as used in this act, has reference to personal service as distinguished from the publication; and in this sense service by copy left at the last and usual place of residence is personal service, as well as service by reading to the party."

To the same general effect see the following cases: Brand v. Brand (Ill.) 96 N. E. 918; Sturgis v. Fay, 16 Ind. 429, 79 Am. Dec. 440.

I find no fault with the rule announced in the case of Martin v. O'Reilly, 81 Okla. 261, 200 P. 687, which is relied upon to sup-

port the majority view. In that case it was held that when an order of the county court appointing a guardian for an alleged incompetent was made on the same day that the petition was filed, without notice, and without the alleged incompetent having been produced before the court, or it being shown that the alleged incompetent was unable to attend, and without a full hearing and examination upon the petition, such order was void and subject to collateral attack. It was further held as a general proposition that the provisions of section 6538, R. L. 1910 (sec. 1445, O. S. 1931), were mandatory and a compliance therewith was necessary to vest the court with jurisdiction. It is my view that the provisions of section 1445, supra, have been fully complied with in the instant case, therefore the rule announced in the above-cited authority has no application here.

In the case of Martin v. White, 76 C. C. A. 671, 146 Fed. 461, also cited in the majority opinion, the Circuit Court of Appeals for the Ninth Circuit was concerned with the validity of the appointment of a guardian for an alleged incompetent. Notice was given by posting notice in three public places in the town of Fairbanks, Alaska, and by publication in one issue of a newspaper. The Alaska Code provided that "notice * * * be given to the supposed insane person of the time and place appointed for hearing the case." The court held that publication in the newspaper and the posting of notice in three public places was not such notice as the statute required, and that the proceedings were had ex parte, without authority of law and void. The rule announced in the syllabus was that the statute contemplated the personal service of notice upon the person affected by the proceedings. It is readily discernible that the holding of the court in that case does not constitute justification for the rule announced in the majority opinion in the instant case. In that case no effort was made to secure service of a notice upon the alleged incompetent. Notice was merely given to the public. In the instant case notice was given to the alleged incompetent by leaving a copy at the usual place of residence with a member of the family of the proper age, which is the notice required by the plain terms of our statutes.

Due to the fact that the county courts are generally considered to be courts of limited jurisdiction, we are inclined to require a strict compliance with those statutes which vest said courts with jurisdiction over a particular matter. In so far as the probate jurisdiction of the county court is concerned,

it is a court of exclusive and unlimited jurisdiction. Proceedings for the appointment of guardians are generally considered actions in personam, but in the instant case the jurisdiction of the person is but incidental to the principal purpose of the proceeding. As hereinabove suggested, a proceeding for the appointment of a guardian of the estate of an incompetent person is provided for the express purpose of preserving the estate of said person and protecting it against the schemes and designs of those who might take advantage of the mental weakness of such person. To adopt such a strict construction of the applicable statutes relating to the jurisdiction of the person in the instant case as would or might render it impossible for the court to acquire such jurisdiction, would effectually strip the court of its power, nullify the wholesome provisions of the law and leave the unfortunate incompetent at the mercy of scheming and designing persons, and leave the estate liable to various losses which might be avoided by its prudent management by a competent person.

The rule laid down in the majority opinion may lead to most disastrous consequences. It may permit the certain triumph of fraud and wrong because the very fraud and wrong which the county court is enjoined by law to prevent can operate to wholly deprive the county court of all jurisdiction to proceed in the discharge of its constitutional and statutory duties. The mere secreting and hiding away of the alleged incompetent so that a notice may not personally be delivered into such incompetent's hands, and read to such incompetent in person, requires the county court to desist further from any efforts to appoint a guardian of the estate and thus restrain fraud and imposition upon such person.

But it is said that if notice served by delivering a copy thereof to a member of the family, instead of into the hands of the alleged incompetent himself, is approved by this court, the doors of fraud will be open to deprive citizens of their natural and inherent rights of citizenship. This argument overlooks the fact that our courts should and will discharge in full measure their duties under the law. The same statute that provides that notice shall be given likewise provides that such alleged incompetent shall be produced at the hearing before the court in person unless it appears he is unable to be present at said hearing. We must presume that the court seeking to exercise such jurisdiction will be vigilant in protecting all of the rights, both personal and property, of

the alleged incompetent, and that it will not lightly ignore the mandatory requirements of the statute providing for presence at the hearing or the alternative findings which was evidently enacted for the protection of such rights. In the case of service of notice by leaving a copy with a member of the family rather than leaving a copy actually in the hands of the alleged incompetent himself, the court has within its power all means of preventing any fraud upon the alleged incompetent, because if there is occasion for it, the court can refuse to proceed until the alleged incompetent is brought in person into the tribunal at the hearing. Or if there is occasion for it, the court may proceed and accomplish the protection of the estate, though the incompetent person for some reason is not present. Thus the court may prevent fraud either in the prosecution of the application or in the resisting of the same; but under the rule of the majority opinion, if the notice be not delivered personally into the hands of the alleged incompetent, the court's only power is to decline to proceed further for lack of any jurisdiction.

For the reasons stated, I respectfully dissent, and I am authorized to say that Mr. Vice Chief Justice OSBORN concurs in these dissenting views.