### BROOKS v. DILLARD, County Judge, et al.

No. 30830. April 21, 1942.

*125 P. 2d 188.*

Walter Hubbell, of Walters, for plaintiff.

E. L. Dillard, of Waurika, for defendants.

BAYLESS, J. February 25, 1942, Anna Mae Attebery Brooks filed an application asking this court to assume jurisdiction of the proceeding she desired to institute in this court against E. L. Dillard, county judge of the county court of Jefferson county, Okla., and O. C. Attebery. Upon consideration of the application and the allegations of the "Petition for Writ of Prohibition" tendered, an order was made assuming jurisdiction, permitting the filing of the petition and directing the defendants to respond. The defendants have not obeyed the direction of the court to respond, and the matter now stands on the uncontradicted verified allegations of the petition for writ of prohibition and the exhibits attached thereto.

The petition alleges: (1) That May 1, 1929, O. C. Attebery was appointed guardian of Lizzie Attebery, an incompetent person, by the county court of Cotton county, Okla.; (2) that O. C. Attebery acted as such guardian until about October 25, 1941, when an order was made by the county court of Cotton county removing O. C. Attebery as guardian; (3) that plaintiff was thereafter appointed guardian, and qualified and has since been the legal guardian of said incompetent; (4) that thereafter O. C. Attebery applied to E. L. Dillard, county judge of Jefferson county, to have himself appointed as guardian for said incompetent by the county court of Jefferson county; and (5) then follows appropriate allegations of the lack of jurisdiction by the county court of

Jefferson county, of acts and threatened acts by said county judge in excess of his power and authority, and the necessity and propriety of a writ of prohibition. The allegations under headings 1, 2, 3, and 4 are supported by exhibits.

The law in Oklahoma is that when the county court of one county has found that it has jurisdiction of the person and estate of an incompetent and has appointed a guardian for the incompetent, the jurisdiction thus obtained is exclusive, and no other county court can assume jurisdiction to appoint a guardian for the incompetent. Micco v. Huser, 185 Okla. 394, 91 P. 2d 1069, and other Oklahoma decisions.

We have said that where one county court has jurisdiction of the person and estate of an incompetent and another county court undertakes to assume jurisdiction to appoint a guardian for the incompetent without legal authority, prohibition is a proper remedy to restrain the latter county court from its unauthorized act. Colby v. Jacobs, 179 Okla. 170, 64 P. 2d 881.

The writ of prohibition petitioned for is granted.

WELCH, C. J., CORN, V. C. J., and OSBORN, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur. RILEY, J., absent.