In re MIZE'S GUARDIANSHIP.

No. 31060. Oct. 12, 1943.

*142 P. 2d 116.*

Wm. G. Davisson, of Ardmore, and Ralph Barney, of Pawhuska, for plaintiff in error.

Frank Settle, Eugene O. Monnet, and Sam Clammer, all of Tulsa, for defendant in error.

GIBSON, V. C. J. This appeal is prosecuted by A. W. Lucas from a judgment of the district court of Osage county affirming an order of the county court requiring him as the alleged guardian of Elnora Mize, nee Wyrick, an incompetent, to render and present his account as such guardian.

Lucas resisted the order on jurisdictional grounds, charging that no such guardianship existed, in that the county court, for failure of personal service of notice on the alleged incompetent, acquired no jurisdiction to declare her incompetent; and further, that so far as Lucas was concerned, there never had been a valid guardianship because he furnished no bond, received no letter, and subscribed to no oath. 58 O. S. 1941 § 776.

The notice shows that the appeal from county court was taken on both law and fact (58 O. S. 1941 § 725). The record in the guardianship proceedings was transcribed with the appeal to district court, and was stipulated to constitute the entire record in the case.

The record shows that in 1923 Dwight Mize, husband of Elnora Mize, nee Wyrick, filed a petition in county court seeking a decree adjudging Elnora Mize, nee Wyrick, to be an incompetent person, and to have A. W. Lucas appointed as her guardian. The alleged incompetent joined in the petition.

The order for hearing the petition directed that notice thereof be posted, and be served personally on the Osage Agency and on Elnora Mize.

No personal service was had on Elnora Mize as required by 58 O. S. 1941 § 851, so far as the record shows.

On December 31, 1923, an order was entered adjudging Elnora Mize incompetent, and appointing A. W. Lucas as her guardian and directing the issuance of letters upon his execution of a bond and subscribing the oath of office. This order shows that both Elnora Mize and a proper representative of the Osage Agency appeared in person.

No further proceedings of any kind were had in said matter until March 15, 1941, when the present petition for an accounting was filed by the alleged incompetent.

Lucas' contention is correct. The decree adjudging Elnora Mize incompetent was void for failure to serve notice personally upon her as required by section 851, supra. Said section provides that in such cases the county judge "must cause notice to be given to the supposed insane or incompetent person, of the time and place of hearing the case, not less than five days before the time so appointed." The notice must be served personally on the alleged incompetent person, and in the absence of such service the court does not acquire jurisdiction. Colby v. Jacobs, 179 Okla. 170, 64 P. 2d 881.

This proceeding was a direct attack on the decree of the county court declaring Elnora Mize incompetent and

appointing a guardian for her estate. It was prosecuted in the original guardianship proceedings. We make no statement as to what the result should be in an action collaterally attacking the decree. We only say that it has the same force and effect as the judgments of courts of general jurisdiction, and carries the same legal presumptions as judgments and decrees of the district court. 58 O. S. 1941 § 2. See Petroleum Auditors Ass'n v. Landis, 182 Okla. 297, 77 P. 2d 730.

Failure of service of notice on Elnora Mize personally left the county court without jurisdiction of her person. Her voluntary appearance at the hearing did not cure the omission.

Upon entry of the void appointment all proceedings in the county court ceased, according to the transcript of the record. Lucas received no letters of guardianship and made no bond. This circumstance in itself left the county court without supervisory power over the estate of the alleged incompetent. In that capacity the court can act only through a guardian; and there was no guardian.

Over the objection of Lucas' counsel the district court received testimony to the effect that Lucas came into possession of the property of the alleged ward and had pretended to manage the same at all times subsequent to the aforesaid order of appointment. This evidence was offered in support of the ward's theory that one who is appointed guardian of a minor or incompetent, and accepts the appointment by taking possession of the estate pursuant thereto, is estopped to deny the jurisdiction of the court or the legality of his appointment. Fox v. Minor, 32 Cal. 112, 91 Am. Dec. 566; In re Di Carlo's Estate, 3 Cal. 2d 225, 29 P. 2d 876, 44 P. 2d 562; Anderson v. Anderson, 45 Okla. 653, 146 P. 709; First Nat. Bank of Ryan v. Southwestern Surety Ins. Co., 95 Okla. 259, 219 P. 690.

There is at least one insurmountable obstacle to the application of the fore-going rule in this case. In a direct attack upon a judgment jurisdiction of the subject matter cannot be conferred upon the court by estoppel. 15 C. J. 809, 844, 845, 847, secs. 105, 164, 166.

Estoppel in pais as here invoked, and as distinguished from estoppel by record, may preclude a party from launching a collateral attack upon a judgment. Such was the situation in each of the cases, supra, relied on by the ward, except in the case In re Di Carlo's Estate. There, the court held that the guardian had been legally appointed. That is sufficient to distinguish the case. The court, however, stated that a guardian who has procured his own appointment is estopped from denying jurisdiction of the court by order of which he was appointed. The editorial syllabus contained approximately the same statement. But it appears that the guardian had merely questioned the court's authority to require him to account for property which he asserted had never been within the jurisdiction of the court.

For the reasons aforesaid, no guardianship existed in this case, and the county court was without jurisdiction to require an accounting.

The entire matter is one of equitable cognizance for determination in a court exercising equitable powers. The county court does not have such powers.

If Lucas actually assumed control of Mrs. Mize's property, purporting to act as a duly appointed guardian of her estate, she has her remedy in an action for an accounting. If he acted as guardian, he acted without legal right. One who so takes possession of the property of an infant or an incompetent person without right or lawful authority is treated in equity as a de facto guardian and may be required in equity to account for the property. And in such case he will be held subject to all the duties and liabilities of a duly appointed guardian. 28 C. J. 1064, § 19; 25 Am. Jur. 8, § 4; 38 A. L. R. 40, 41 (anno.).

For the reasons aforesaid, the county

court was without jurisdiction to require an accounting. No guardianship existed.

Counsel for Mrs. Mize say the order of the county court was not an appealable order. This assertion is based on the assumption that the appeal was from an order refusing to quash the notice to account. Counsel cite Swain v. Swan, 147 Okla. 33, 294 P. 153, wherein it is held that an appeal does not lie from an order refusing to quash service of process in probate.

But the appeal was from an order refusing to quash or set aside the order directing Lucas to render an account. The order, whether actually a final one or not, affected a very substantial right of Lucas; and where a substantial right is affected by an order in probate, the aggrieved party may appeal. 58 O. S. 1941 § 721 (8).

The judgment is reversed and the cause remanded, with directions to remand to county court for dismissal of the petition for accounting.

CORN, C. J., and RILEY, BAYLESS, HURST, DAVISON, and ARNOLD, JJ., concur. OSBORN and WELCH, JJ., absent.