In the Matter of the GUARDIANSHIP OF Lisa Gail RANDALL, Joseph Lawrence Randall, Jr. and Delbert Randall, minors.

Doris TAYLOR, Appellant,

v.

Patsy APPLING, Appellee.

Nos. 49248 and 49437.

Court of Appeals of Oklahoma, Division 1.

July 19, 1977.

Released for Publication By Order of Court of Appeals Aug. 11, 1977.

Appeal from the District Court of Woodward County; Ray Don Jackson, Judge.

Appeal from the District Court of Oklahoma County; Stewart M. Hunter, Judge.

Shutler, Baker, Simpson & Logsdon by Harold Logsdon, Kingfisher, for appellant.

Romain S. Mossman, Woodward, for appellee.

BOX, Judge.

An appeal from an Oklahoma County case (Number 49,437) and a Woodward County case (Number 49,248) with the appellants from both cases objecting to the jurisdiction of the respective courts.

On October 13, 1975, Mr. and Mrs. Joe Randall of Mooreland, Oklahoma, were killed in an automobile accident in Woodward County, Oklahoma. Three of their children, Lisa Gail Randall, Joseph Lawrence Randall, Jr., and Delbert Randall, all minors, were passengers in the automobile. The children were seriously injured and were transported to University Hospital Crippled Childrens' Unit in Oklahoma City, Oklahoma, for emergency medical atten-tion. The maternal relatives of the children objected to the children receiving blood transfusions; therefore, the Department of Institutions, Social and Rehabilitative Services of the State of Oklahoma (hereinafter referred to as Welfare Department) filed a petition in the District Court of Oklahoma County on October 15. The jurisdiction of the Oklahoma County District Court was based upon. 10 O.S.Supp. 1976–77, § 1102, which provides:

The district court shall have jurisdiction of any delinquent child, child in need of supervision, or dependent and neglected child, who is found within the county; and of the parent, guardian or legal custodian of the child, regardless of where the parent, guardian or legal custodian is found. When jurisdiction shall have been obtained over any child, it may be retained until the child becomes twenty-one (21) years of age. For the convenience of the parties and in the interest of justice, a proceeding under this act may be transferred to the district court in any other county.

Pursuant to the petition filed by the Welfare Department, Judge Hunter in Oklahoma County issued an order giving *temporary* custody of the three minor children to Welfare.

Thereafter, on October 16, Patsy Appling, paternal aunt of the children and who will hereinafter be referred to as Appling, filed a petition for appointment of guardian in Woodward County. The Woodward County court's jurisdiction was based upon 58 O.S. 1971, § 761, which provides, in part:

The court of each county, when it appears necessary or convenient, *may appoint guardians for the persons and estates,* or either, or both of them, *of minors who have no guardians legally appointed by will,* or deed, *and who are inhabitants or residents of the county,* or who reside without the State and have estate within the county. Such appointment may be made on the petition of a relative or other person in behalf of such minor. . . . (Emphasis added.)

Oral notice was given to the Welfare Department that Woodward County would hear the application. An order was then entered appointing Appling guardian of the persons and estates of the three minor children with letters of guardianship issuing to her.

On October 20, upon the court's own motion, the Oklahoma County court changed the *temporary* custody of Lisa Gail Randall from Welfare to Appling. As soon as the two boys were released from the hospital, *temporary* custody would also be changed from Welfare to Appling.

Then in Woodward County on October 22, Dora Miesner, maternal grandmother of the children, filed an application to vacate the order appointing Appling. The order appointing Appling guardian and letters of guardianship were set aside on October 23. On November 3, Miesner petitioned in Woodward County to have herself and Doris Taylor, maternal aunt who will be referred to as Taylor, appointed guardians over the persons and estates of the minors. On January 8, 1976, the Woodward County court entered the following order:

> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by this Court that PATSY APPLING be, and she is hereby appointed Guardian of the person and estate of LISA GAIL RANDALL, a minor child, and that Letters of Guardianship issue to said PATSY APPLING upon her taking the oath required by law; and the Court further finds that bond at this time is waived, but specifically reserves the right to set a bond for said Guardian at a future date.
>
> IT IS FURTHER ORDERED, ADJUDGED AND DECREED by this Court that DORIS TAYLOR be, and she is hereby appointed Guardian of the persons and estates of JOSEPH LAWRENCE RANDALL, JR. and DELBERT RANDALL, minors, and that Letters of Guardianship issue to her upon her taking the oath required by law; the Court further finds that bond is at this time waived, but specifically reserves the right to set a bond for said Guardian at a future date.

Letters of guardianship were issued to Taylor on January 14 but letters were not issued to Appling until January 29 and the letters only provided that Appling was appointed guardian of the *estate* of Lisa Gail Randall (the letters of appointment were not in conformity with the order of appointment, supra).

Meanwhile in Oklahoma County, Taylor filed a motion to dismiss on January 20 and a motion to transfer the proceedings to the District Court of Woodward County on February 5. On February 6, Oklahoma County overruled the motions to dismiss and to transfer holding that Oklahoma County had continuing jurisdiction over the custody of the children. Further, the Oklahoma County District Court found that the children would remain wards of the court as dependent children and that custody would remain with Appling under the continued supervision of the Welfare Department until further order of the court.

Taylor appealed from Oklahoma County and Appling appealed from Woodward County, both objecting to the jurisdiction of the respective courts appealed from. By order of the Court of Appeals on April 14, 1977, the two appeals were consolidated for the purpose of writing an opinion.

■ Appling contends that the Welfare Department was not given notice of the November 3, 1975 Woodward County proceedings which culminated in the order which appointed Taylor guardian over the two boys and Appling as guardian for Lisa Gail. However, Appling does not have standing to assert that Welfare did not receive proper notice. A party must assert his own legal rights and interests and can not rest his claim to relief on the rights or interest of third parties. See generally *Warth v. Seldin*, 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). See also *Swatek v. Board of Regents of Oklahoma Colleges*, Okl., 535 P.2d 295, 299; *Tindle v. Linville*, Okl., 512 P.2d 176, 179.

It should be noted that the Welfare Department was notified on October 16, 1975 that Woodward County would hear the matter. In addition, home studies of three

homes were conducted by that department for the Woodward County proceedings under order of the court. Although aware of the actions of Woodward County, the Welfare Department did not intervene in this appeal to assert it did not receive proper notice.

■ The notice provision for appointment of a guardian is contained within 58 O.S.1971, § 761, which provides, in part:

Before making the appointment *the court must cause actual notice by any means it deems reasonable to be given* to the relatives of the minor residing in the county, *to any person having care of such minor* and, if he is above the age of fourteen (14) years, to the minor himself.

By November 3, Oklahoma County had previously entered an order changing *temporary* custody from Welfare to Appling. Appling, therefore, was the person "having care" of the minors within the meaning of Section 761 and Appling does not contend that she was without notice of the Woodward County proceedings, rather she asserts she was entitled to further notice "as to the scope of the hearing." According to the Woodward County transcript, Appling's attorney acknowledged receipt of a copy of the petition on behalf of Dora Miesner and Judge Jackson telephoned Appling's attorney to advise him that her appointment would be set aside and hearing held on the matter November 3. Only such notice as appears "reasonable" to the trial judge must be given and personal notice need not be given to the person having care of the minor. See *Hawkins v. Tiger,* 163 Okl. 55, 20 P.2d 578; *Crabtree v. Bath,* 102 Okl. 1, 225 P. 924; *Ross v. Groom,* 90 Okl. 270, 217 P. 480. Therefore, Appling's contention regarding notice is without merit.

The decisive issue on appeal was summarized by Judge Hunter, Oklahoma County District Court:

This Court takes the position that under the Juvenile Code, jurisdiction of the District Court of Oklahoma County attaches, if it has jurisdiction at all, and relates back to the filing of the Petition rather than who gets the first judgment.

Judge Jackson [Woodward County] appears to take the position that since his judgment was entered prior to this Court's hearing in which the petition was sustained and the children made wards of the Court, that his order takes precedence and that this Court has no jurisdiction. I presume the Supreme Court will have to answer that question.

■ The final order or judgment first entered by Woodward County appointing a guardian is res judicata or a bar in the Oklahoma County District Court, which at that time had only issued temporary (nonfinal) orders. In *Micco v. Huser,* 185 Okl. 394, 91 P.2d 1069, the Supreme Court held:

Syllabus by the Court.

"Where two actions involving the same issue or issues between the same parties or their privies, are pending at the same time, so that a final judgment in one would be res judicata or a bar in the other, when the judgment in one becomes final it may be urged in the other by appropriate proceedings, *regardless of which action was begun first. It is the first final judgment, although it may be in the second suit that renders the matter res judicata in the other suit.*" (Emphasis added. Citation omitted.)

See also *Gutensohn v. McGuirt,* 194 Okl. 64, 147 P.2d 777; *Brooks v. Dillard,* 190 Okl. 448, 125 P.2d 188.

We hold that Woodward County District Court has proper jurisdiction over the matter and case Number 49,248 is accordingly affirmed. The Oklahoma County case, Number 49,437, is hereby ordered dismissed for lack of jurisdiction.

Woodward County case Number 49,248 affirmed; Oklahoma County case Number 49,437 dismissed for lack of jurisdiction.

REYNOLDS, P. J., and ROMANG, J., concur.