In the Matter of the GUARDIANSHIP of Anna May PRINCE, an Incompetent.
Lois HEINRICH, Plaintiff in Error,

v.

Barry R. SIMMS, Guardian of the Estate of Anna May Prince, an Incompetent, Defendant in Error.

No. 40011.

Supreme Court of Oklahoma.
March 12, 1963.

C. E. McAfee, T. K. Quillin, Oklahoma City, for plaintiff in error.

Barry R. Simons, Oklahoma City, Guardian, pro se.

Howell & Stinchecum, Oklahoma City, of counsel, for defendant in error.

HALLEY, Vice Chief Justice.

This is an appeal from a District Court judgment affirming the appointment of a guardian.

Barry R. Simms, hereafter called petitioner, filed a petition in the County Court of Oklahoma County praying for the appointment of a guardian for the property located in Oklahoma belonging to Anna May Prince, an alleged incompetent person. She is a resident of California. The property consists of two tracts of real estate with improvements located in Oklahoma County.

The petitioner was appointed guardian by order of the County Court. Lois Heinrich, a niece of Anna May Prince, appealed to the District Court. After trial de novo, the District Court affirmed the County Court's order of appointment. Lois Heinrich now appeals to this Court. She will be referred to as appellant.

Appellant's first proposition is that the trial court erred because the evidence offered by the petitioner was insufficient to justify the appointment of a guardian in this case. She cites 58 O.S.1961 §§ 851, 852, and the case of Fish v. Deaver, 71 Okl. 177, 176 P. 251, in support of this alleged error. In the cited case we reversed a judgment which had declared a person incompetent and appointed a guardian. We pointed out that the only evidence about incompetency was that the alleged incompetent had made one unwise business trans-

action. This was insufficient to establish mental incompetency.

■■ In the first and second paragraphs of the syllabus of Fish v. Deaver, supra, we said:·

"The descriptive words 'mentally incompetent,' 'incompetent,' and 'incapable,' as used in sections 6538 and 6539, Rev.Laws 1910, mean any person who, though not insane, is, by reason of old age, disease, weakness of mind, or from any other cause, unable or incapable, unassisted, of properly taking care of himself or managing his property, and by reason thereof would be likely to be 'deceived or imposed upon by artful or designing persons.

"Mental incompetency or incapacity is established when there is found to exist an essential privation of the reasoning faculties, or where a person is incapable of understanding and acting with discretion in the ordinary affairs of life."

In the instant case, the husband of Anna May Prince was the only witness who testified on the issue of her competency or incompetency. Appellant claims that his testimony negated her incompetency. Appellant emphasizes his testimony that Mrs. Prince was an apt scholar who had taught school for twenty-five years; that she was close with her money; and, that when a dollar leaves she wants to see some value coming in for it.

Prince's testimony mentioned above was only part of his testimony, however. He also testified that she was over 90 years of age; that she is now incompetent and unable to care for herself properly; that she had tended to none of her business in the past 12 years; that she was incapable of taking care of her own business affairs; that at the present time she is hardly able to understand anything at all; that she can hardly remember anything for any longer than he "can turn around"; that she is unable to carry on any kind of conversation; that she doesn't talk very much at all; that

she hasn't written a check or signed her name to anything, nor made any attempt to do anything about business for the past 8 years.

We have reviewed the testimony in its entirety and find that there is sufficient competent testimony to sustain the judgment of the district court which found her incompetent. In re Carney's Guardianship, 110 Okl. 165, 237 P. 111; Shelby v. Farve, 33 Okl. 651, 126 P. 764.

Appellant's other proposition of error is that the petitioner failed to establish that he was a "friend" of Anna May Prince and that he was therefore an improper person to petition for the appointment of a guardian. Appellant cites as authority the case of Ned v. Robinson, 181 Okl. 507, 74 P.2d 1156, wherein we held in the first paragraph of the syllabus:

"The word 'friend,' as used in a statute providing for the filing of a petition for adjudication of mental incompetency by 'a relative or friend,' means one favorably disposed toward the alleged incompetent and acting for his interest and benefit, no particular degree of intimacy being required."

Appellant argues that the fact that the petitioner had never met Anna May Prince was conclusive on this question and that the district court should have dismissed his petition for the appointment of a guardian. Such result does not follow. Under a companion statute, 58 O.S.1961 § 854, providing for proceedings to determine restoration of capacity, it is also provided that a relative or "any friend" may file such a petition. Under such statute, in the case of In re Vaughn's Guardianship, 205 Okl. 438, 239 P.2d 403, we said that *"any person* would have a right, under the circumstances in this case, to petition the court to restore the competency of an alleged incompetent * * *." (emphasis ours)

In that case it was proven that Vaughn had been declared incompetent for the pur-

pose of having a guardian appointed in order that a case against a foreign oil company could not be removed to the Federal Court. Witcher, who was superintendent of the foreign oil company's station in Oklahoma, filed a petition as a friend of Vaughn to have Vaughn's mental capacity restored. We approved such a procedure and said:

"* * * In this regard we do not think that it was necessary that Witcher be a 'friend' in the strictest sense of the word in order to file this motion for the restoration of competency, for the reason that he had a right to feel, under the facts and circumstances, that the County Court was overreached and that his employer, Sinclair Prairie Oil Company, was being imposed upon, and that some of their rights were being taken away from them; * * *."

The facts and circumstances in the instant case are that the petitioner was contacted by the attorneys for the guardian of Anna May Prince who had been appointed by a California court. They requested that he file this guardianship proceeding in Oklahoma. Mrs. Prince's husband, who was her California guardian, and four of her five nieces and nephews entered their appearances in the instant proceedings. They consented to and requested the appointment of the petitioner, Simms, as guardian for Anna May Prince in the State of Oklahoma. Appellant is the only relative who objected to his appointment.

Under these circumstances we believe there was sufficient evidence for the district court to find that the petitioner was favorably disposed toward Mrs. Prince and acting for her interest and benefit. He was therefore a friend within the meaning and purpose of the statutes.

Affirmed.

BLACKBIRD, C. J., and DAVISON, JOHNSON, WILLIAMS, JACKSON and BERRY, JJ., concur.