**Ken T. PORTER, Appellee,**

v.

**STATE of Oklahoma, ex rel., DEPARTMENT OF PUBLIC SAFETY, Appellant.**

**No. 79765.**

Court of Appeals of Oklahoma, Division 1.

Aug. 25, 1992.

John H. McBee, McBee & Benson, Inc., Frederick, for appellee.

Michelle R. Day, Oklahoma City, for appellant.

## MEMORANDUM OPINION

ADAMS, Presiding Judge.

The Department of Public Safety appeals a trial court order setting aside its revocation of Appellee Porter's driving license. DPS claims the trial court should never have examined the merits of this revocation because Porter did not timely request an administrative hearing. In its order, the trial court avoided this procedural defect by determining DPS never properly invoked the statutory provisions because Porter was not conscious at the time he was offered the test. Because we conclude Porter received no effective notice of the revocation, the time for requesting a DPS hearing did not run, and the trial court properly considered the merits of the revocation. DPS does not challenge the evidentiary basis of the trial court's ruling, and the ruling is supported by the evidence. Accordingly, we affirm.

## THE TRIAL COURT EVIDENCE AND ORDER

On February 29, 1992, Porter was driving a car involved in a single car accident. After an Oklahoma Highway Patrol Trooper asked Porter to submit to a breath test to determine the presence of alcohol and Porter refused the test, Porter was arrested and transported to jail. The Trooper completed an Officer's Affidavit and Notice of Revocation. Porter claims he has no memory of conversations with the officer or of receiving a copy of the revocation notice.

The day after his release from jail, Porter learned his license had been revoked. Porter requested a DPS hearing on the revocation. DPS denied a hearing because the request was made more than fifteen days after the date of the revocation notice. Porter appealed to the district court.

In the hearing on that appeal, Porter presented expert medical testimony that although Porter was apparently awake and functioning physically, he sustained a concussion in the accident and was unconscious at the time when he allegedly refused a test and was served with notice of the effect of refusal. The trial court based its decision on this medical evidence and not any contention that Porter was "unconscious" because of voluntary intoxication. Overruling the DPS objection to this evidence, the trial court accepted it and found the implied consent provisions under 47 O.S.1991 § 753 were not properly invoked because Porter was not a conscious person under arrest who refused to submit to testing. Under those circumstances, according to the trial court, the revocation was a nullity, and Porter's failure to timely request a hearing did not prevent the trial court from setting the revocation aside.

## ISSUES

DPS contends the trial court's finding that Porter was not a conscious person who refused the test constitutes a review of the

**938**

merits which was barred by 47 O.S.1991 § 6–211(F), which states:

> At a hearing on a revocation by the Department under the implied consent laws as provided in Section 6–205.1, 753 and 754 of this title, the court shall not consider the merits of the revocation action unless a written request for an administrative hearing was timely submitted to the Department as provided in Section 754 of this title and the Department entered an order denying the hearing or sustaining the revocation.

Under 47 O.S.1991 § 754(D), a request for administrative hearing must be received by DPS "within fifteen (15) days after the notice of revocation is given." It is undisputed Porter filed his request for an administrative hearing more than fifteen days after his arrest and that DPS denied his request for a hearing. DPS argues Porter's request was not timely and the trial court should not have considered Porter's claims. However, Porter claims the fifteen day period to request a hearing never began to run because the commencement of that period depends upon effective service of the notice of revocation. We must determine whether there was effective service of the notice of revocation.

 The purpose of service of notice is to give a person information concerning a state of facts. See 66 C.J.S. Notice § 2. By definition, an unconscious person is without awareness, perception, or the capacity to be apprised of facts.[1] Service upon an unconscious person is a nullity[2] and could not start the running of the fifteen day period. Because the fifteen day period never began to run, Porter's request was not untimely. The trial court was not limited in the scope of its review of

1. See, e.g., Webster's Third New International Dictionary (1986): "... not knowing or perceiving: not aware ... not possessing mind or consciousness: nonconscious...."

2. Although a person may only be unconscious temporarily, that condition is inconsistent with the ability to exercise legal rights and duties. Under 12 O.S.1991 § 2004(C)(1)(c), service upon an incompetent person must be upon both the person and the person's guardian to be effective.

the case following denial of a hearing by DPS.

 There is sufficient evidence in this record to support the trial court's finding Porter was not a conscious person at the time notice was allegedly served on him. On this record, DPS could not revoke Porter's license, and the trial court did not err in setting that revocation aside.

AFFIRMED.

GARRETT and JONES, JJ., concur.

An incompetent person is one who, though not insane, is, by reason of old age, disease, weakness of mind, or from any other cause, unable or incapable, unassisted to properly take care of himself or manage his property, and by reason thereof would be likely to be deceived or imposed upon by artful or designing persons. *In re Guardianship of Prince,* 379 P.2d 845 (Okla.1963). An unconscious person fits this definition.